**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                        **CASE NO: 6:17-cr-148-Orl-40TBS**

**ANDRES FERNANDO CABEZAS**

_____

**ORDER**

This cause is before the Court on Defendant ANDRES CABEZAS' Motion to Withdraw Guilty Plea. The Court has reviewed the Defendant's motion, the transcript of the change of plea colloquy, and the file. The Court does not require a response by the United States Attorney's Office, and having considered the affidavits and memorandum submitted by counsel does not require an evidentiary hearing in this matter. The Court finds that Defendant CABEZAS knowingly, voluntarily, and without threats or coercion plead guilty to Counts One of the Superseding Information and, at all times material hereto, acted with and upon the advice of counsel. For the reasons set forth in greater detail below, the Defendant's Motion to Withdraw Guilty Plea is DENIED.

## I.     Procedural History

Defendant Cabezas was arrested on May 31, 2017, pursuant to a Criminal Complaint. (Doc. 1). The Office of the Federal Defender was appointed to represent the Defendant that same day. (Doc. 4). On June 21, 2017, the Defendant's private counsel filed a notice of appearance. (Doc. 15). On June 28, 2017, a federal grand jury sitting in Orlando, Florida, returned an Indictment charging the Defendant with enticing a minor to

engage in sexual activity.[1] (Doc. 16).

This case was thereafter scheduled for the September 5, 2017 trial term. (Doc. 24). On Defendant's motion, the trial was continued to the October 2017 trial term, and the deadline to disclose expert witnesses was extended. (Docs. 38, 39). The case was subsequently set for a date-certain trial commencing on November 7, 2017. (Doc. 50).

During the course of this litigation, the Defendant filed a Motion to Compel Brady Material (Doc. 40), Motion to Suppress Post Arrest Statements (Doc. 41), and a Motion to Suppress Evidence. (Doc. 42). On October 16, 2017, the Defendant withdrew these motions. (Doc. 64). On October 18, 2017, the Government filed a Superseding Information, charging the Defendant with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). This offense provides for a mandatory minimum sentence of 5 years imprisonment and a maximum sentence of 20 years. *Id.* The original offense charged in the Indictment, carries a mandatory minimum of 10 years imprisonment and a maximum sentence of life imprisonment. 18 U.S.C. § 2422(b). The Defendant waived indictment and pleaded guilty to the Superseding Indictment on October 18, 2017. (Docs. 66–67). There being no objection to the Magistrate Judge's Report and Recommendation, this Court accepted the Defendant's guilty plea and adjudicated him guilty on October 20, 2017. (Doc. 77). The Defendant, now represented by newly retained counsel, seeks to

---

[1] The Criminal Complaint reveals that the Defendant responded to an ad posted by law enforcement in which a notional mother offers her 12 year old daughter for a sexual encounter. (Doc. 1). During the course of the investigation, the Defendant communicated with the notional child and described in explicit detail the sexual acts he intended to perform upon her. (*Id.*). The investigation culminated with a meeting between the Defendant and the notional child at which time the Defendant was apprehended. (*Id.*). In a post-arrest, and post-*Miranda*, interview, the Defendant confessed to his participation in this crime and was found in possession of a morning-after pill discussed during the recorded conversations. (*Id.*).

set aside his plea of guilty.

## II.     Standard of Review

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a Defendant may withdraw a plea of guilty after the Court accepts the plea, but before it imposes sentence, if the Defendant can show a fair and just reason for requesting the withdrawal. In determining if the defendant has met his burden for withdrawal, "a district court may consider the totality of the circumstances surrounding the plea," including the following:

> (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved, and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea.

*United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006). "There is no absolute right to withdraw a guilty plea." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Rather, the "good faith, credibility and weight of a defendant's assertions in support of a motion [to withdraw] are issues for the trial court to decide." *United States v. Buckles*, 843 F.2d 469, 472 (11th Cir. 1988). Moreover, there is a "strong presumption that statements made during the [plea] colloquy are true." *Medlock*, 12 F.3d at 187. Accordingly, the defendant "bears a heavy burden to show his statements [under oath] were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

A guilty plea may not be knowing and voluntary if the accused does not understand the nature of the constitutional protections he is waiving or has such an incomplete understanding of the charges that his plea cannot be construed as an intelligent admission of guilt. *Gaddy v. Linahan*, 780 F.2d 935, 943 (11th Cir. 1986). Additionally, a

guilty plea may not be knowing and voluntary, if the accused does not receive "reasonably effective assistance of counsel in connection with the decision to plead guilty." *McCoy v. Wainwright,* 804 F.2d 1196, 1198 (11th Cir. 1986). The accused must show that his counsel's performance fell below the threshold level of competence, and he must show that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Strickland v. Washington*, 466 U.S. 668 (1984); *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

## III.     The Defendant's Contentions

The Defendant contends that he "steadfastly maintained his innocence and repeatedly asserted that he did not want a plea agreement." (Doc. 90, p. 2). The defense proffers that on October 3, 2017, the government made an offer which allowed the Defendant to plead guilty receipt of child pornography. (*Id.* at pp. 2–3). When faced with this less serious violation of federal law, Defendant Cabezas avers that he "repeatedly told his family that he was innocent and wished to take his case to trial." (*Id.*). The Defendant argues that he signed the Plea Agreement only after his family had "placed extensive pressure on him to sign the plea agreement." (*Id.* at p. 4). Finally, Defendant Cabezas argues that he was presented with the written Plea Agreement on October 15, 2017—just 3 days before the change of plea hearing—and did not read the entire agreement or receive "explanation as to the ramifications of the items included in the document." (*Id.* at pp. 4–5). For these reasons, the Defendant submits that his plea was neither knowing nor voluntary.

## IV.     The Plea Colloquy

Magistrate Judge Smith conducted a comprehensive plea colloquy with the Defendant, ensuring that Defendant Cabezas understood and could read English (Doc. 84; 3:9–11); providing the Defendant with the opportunity to consult with counsel during the colloquy (*Id.* at 3:15–19); ensuring the Defendant was not under the influence of drugs or alcohol and was not suffering from any mental condition affecting his ability to understand the proceedings (*Id.* at 3:20–22).[2] The Defendant acknowledged that he was clearheaded. (*Id.* at 4:7–8). Additionally, Defendant Cabezas informed the Court that he has a graduate level degree. (*Id.* at 3:6–8).

After placing the Defendant under oath, the Court cautioned that "if you enter a guilty plea this afternoon and in the future you wish to challenge your plea, your conviction, or your sentence, what you say here today could be used against you." (*Id.* at 4:15–20). The Magistrate Judge also advised the Defendant that he is under oath and if "you don't tell the truth or if you leave out information that would make your testimony misleading or false, you could be prosecuted for perjury or making false statements, both of which are felonies." (*Id.* at 4:10–14). Thereafter, the Court recounted the procedural history of this case, including that the Defendant had originally been charged with using a means of interstate commerce in an attempt to entice a minor to engage in sexual activity. (*Id.* at 4:21–5:5).

Since the Defendant was pleading guilty to a superseding information, the Magistrate Judge explained in detail the Defendant's right to require the Government to seek an Indictment from the grand jury and the significance of waiving this right. (*Id.* at

---

[2] Defense counsel advised the Court the Defendant had previously been treated for depression and confirmed that he is not currently taking medication. (*Id.* at 3:25–4:2).

4:21–5:20). Defendant Cabezas stated that he had been provided a copy of the Superseding Information and had read the charging document. (*Id.* at 5:21–23). The Court asked, "Did anyone threaten you, or intimidate you to cause you to waive indictment; or by like token, did anyone promise to reward you if you waived indictment?" (7:10–13). The Defendant replied, "No, Sir." (*Id.*).

After concluding that Defendant Cabezas had waived his right to have a grand jury convene to return an indictment, the Court reminded him of his right to be represented by counsel at all stages of the proceedings, which includes the right to have the Court appoint an attorney to represent him. (*Id.* at 8:13–19). Having dispensed with the waiver of indictment, the Court advised Defendant Cabezas of the numerous rights he waives by pleading guilty, including a speedy and public trial by jury; the presumption of innocence; the right to remain silent, and the right of confrontation. (*Id.* at 8:23–10:17). The Court also advised the Defendant of the consequences he may face by entering a plea of guilty to include the right to vote, to serve on a jury, to run for and hold public office, and the right to own and possess firearms.[3] (*Id.* at 10:21–11:6). Next, the Magistrate Judge discussed the statutory penalties (*Id.* at 14:16–23); the sentencing guideline along with the advisory nature of the guidelines (*Id.* at 11:15–20); and the Court advised the Defendant that he may not withdraw his plea of guilty if the District Court fails to follow the recommendations contained in the Plea Agreement or imposes a sentence in excess of the guidelines. (*Id.* at 18:1–8). In an abundance of caution, the Court informed Defendant Cabezas that "although you are pleading to a different crime than the one

---

[3] The Defendant was also advised that he will be required to register as a sex offender upon conviction. (*Id.* at 17:1–19).

6

charged in the indictment, the allegations in that indictment may still affect the calculation of your sentencing guidelines range." (16:5–21).

The Defendant was provided a copy of the Plea Agreement and was asked, "Have you read that plea agreement in its entirety?" (*Id.* at 12:24–25). Defendant Cabezas replied, "Yes, sir." (*Id.* at 13:1). The Court followed up by asking, "Every page, every paragraph, every line, every word?" (*Id.* at 13:2–3). Defense counsel interjected that he read the plea agreement to the Defendant, (*Id.* at 13:4), which prompted the following exchange:

> THE COURT: All right. Mr. Foster read it to you; is that correct, sir?
>
> THE DEFENDANT: We looked over it together, sir.
>
> THE COURT: Mr. Cabezas, what you're in the process of doing right now is going to be one of the most significant events that will ever happen in your life. If you haven't read this plea agreement in its entirety, then—or if Mr. Foster hasn't read it to you in its entirety, then I am reluctant to go forward. Do you know what this says?
>
> THE DEFENDANT: Yes, Your Honor. I know what it says, sir.
>
> THE COURT: All right. Because I'll stop right now and give you time to read it yourself or have one of your lawyers read it to you, if you'd like.
>
> THE DEFENDANT: No, Your Honor. I – it's okay to proceed –
>
> (*Id.* at 13:5–21).

The Magistrate Judge further inquired of the Defendant:

> THE COURT: All right. Did Mr. Foster [defense counsel] go over the plea agreement with you slowly and carefully?
>
> THE DEFENDANT: Yes, sir, he did.
>
> THE COURT: Do you have any unanswered questions about your plea agreement?

>THE DEFENDANT: No, sir.
>
>(*Id.* at 13:24–14:7).

Having confirmed that the Defendant was fully aware of the conditions, terms, and recommendations contained in the plea agreement, the Magistrate Judge discussed the elements of the offense of receipt of child pornography. (*Id.* at 15:14–16:4).

The Magistrate Judge next turned to the stipulated statement of facts contained in the plea agreement and asked the Defendant if these facts were true; to which the Defendant replied, "Yes, Your Honor." (*Id.* at 19:3-9). Defendant Cabezas acknowledged that nobody intimidated him, pressured him, or forced him to enter into the plea agreement. (*Id.* at 19:10–12). The Defendant admitted that he entered the plea agreement, and the guilty plea, freely and voluntarily. (*Id.* at 19:16–18). When asked if he had any complaints concerning his attorney, the Defendant said, "No, sir." (*Id.* at 21:2–8). The Defendant confirmed to the Court that his answers to the Court were truthful. (*Id.* at 21:12–13). At the conclusion of this colloquy, the Court found the Defendant is alert and intelligent, understands the crime charged in the superseding information, understands the mandatory minimum and potential maximum penalties, and understands the rights he is giving up by pleading guilty. (*Id.* at 21:14–19). The Magistrate Judge found the Defendant's actions are free and voluntary, that there is a sufficient factual basis to support the plea, and the Defendant is represented by competent counsel with whom he is satisfied. (*Id.* at 21:19–24).

## V.   Conclusion

Defendant Cabezas does not have an "absolute right to withdraw a guilty plea." *United States v. Medlock*, 12 F.3d 185, 197 (11th Cir. 1994). As noted above, "good faith,

credibility and [the] weight of a defendant's assertions in support of a motion [to withdraw a guilty plea] are issues for the trial court to decide." *United States v. Buckles*, 843 F.2d 469, 472 (11th Cir. 1988). There is "strong presumption that statements made during the [plea] colloquy are true." *Medlock*, 12 F.3d at 187.

In the instant case, the Defendant contends he was forced or coerced into pleading guilty by his family. The Defendant corroborates this assertion in his unsworn letter to the Court, (Doc. 90-1), with affidavits from his parents who describe having strongly encouraged him to plead guilty, and an affidavit from his aunt who discussed these matters with the Defendant's parents. (Docs. 90-2, 90-3, 90-4). The Defendant's father, Mr. Luis Cabezas, writes that his son "initially refused to go along with the [plea] offer" but changed his mind when his father and "various lawyers consulted by the defense attorney" and an attorney retained by the family "agreed that the best option was to accept the offer." (Doc. 90-2). The Defendant's mother, Ms. Maria Cabezas, writes in her affidavit that she does not believe the testimony of the FBI agent who testified at the detention hearing concerning the Defendant's post-arrest confession. (Doc. 90-3, p. 2). While Ms. Cabezas has no personal knowledge of the facts of this case, she concludes the special agent's testimony concerning her son's admissions lacks context and is factually inaccurate, causing her to regret having encouraged her son to accept the plea offer. (*Id.*). The final affidavit is written by the Defendant's aunt, Ms. Isabel Agahl, who resides in Australia. (Doc. 90-4). Ms. Agahl, like the Defendant's parents, relates the enormity of the decision facing the Defendant in deciding whether to accept the Government's plea offer, but Ms. Agahl is unable to offer any evidence to support the Defendant's contention that his plea of guilty was not knowing and voluntary. At best, these witnesses provide insight

into the intensely personal decision one must make in deciding whether to plead guilty.

By comparison, the Magistrate Judge conducted a detailed plea colloquy to ensure the Defendant's decision to plead guilty was knowing and voluntary and was supported by the facts. The Court gave the Defendant ample opportunity to voice disagreement or displeasure with his attorneys, to challenge the voluntariness of his decision to plead guilty, and to express concern over the terms of the plea agreement or the consequences of pleading guilty, but the Defendant failed to express any objection, questions, or concerns. At each turn in the proceedings, when the Defendant was advised by the Court of the consequences of pleading guilty, the rights he was waiving by pleading guilty, and the need to act freely and voluntarily, the Defendant affirmed that he was well informed and was acting voluntarily.

The Defendant stated under oath that he was entering his plea because he was in fact guilty of the offense with which he had been charged, and he understood the right to persist in a plea of not guilty and to compel the production of witnesses in his defense. Defendant Cabezas never gave the Court any indication that his plea of guilty was predicated upon force or threats or coercion of any kind, and he affirmed that he was satisfied with the representation provided by his attorneys. This Court is entitled to rely upon the sworn testimony of Defendant Cabezas.

The Court finds based upon the record evidence that Defendant Andres Cabezas had access to and enjoyed the close assistance of counsel, and the plea of guilty was knowing and voluntary. The Court further finds that judicial resources would be conserved by denying this motion and that the government would be prejudiced by trying Defendant Cabezas after having relied upon the Defendant's voluntary plea of guilty to the

Superseding Information.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Andres Fernando Cabezas' Motion to Withdraw Guilty Plea (Doc. 90) is **DENIED**.

**DONE AND ORDERED** at Orlando, Florida this 19th day of December, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record