UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                                              CASE NO: 6:17-cr-148-Orl-40TBS

ANDRES FERNANDO CABEZAS

    Defendant.

_____

### REPORT AND RECOMMENDATION

This case comes before the Court on *pro se* Defendant Andres Fernando Cabezas' Request for an Evidentiary Hearing and Notice of Pending 41(g) Motion (Doc. 131). The government has not filed a response to the motion.

### Background

Defendant Andres Fernando Cabezas pled guilty to receiving child pornography (Doc. 73). In his plea agreement, he agreed to forfeit all his property that was subject to forfeiture, including the iPhone he used in the commission of the crime (Doc. 67, ¶ 9). The Court accepted Defendant's plea and adjudicated him guilty (Doc. 77). Later, the Court entered a Preliminary Order of Forfeiture for Defendant's iPhone 5s, serial number F2LLx4H7FF9V (Doc. 96).

The Court sentenced Defendant to a period of incarceration followed by a term of supervised release (Doc. 101). The Judgement and Sentence provide: "Defendant shall forfeit to the United States those assets previously identified in the Plea Agreement and Order of Forfeiture, that are subject to forfeiture." (Id., at 6). Defendant appealed the judgment and sentence (Doc. 103). That appeal is still pending.

Next, the government filed a motion for the entry of a final judgment of forfeiture of the iPhone (Doc. 113). The motion was granted and on May 18, 2018 the Court decreed

that "all right, title and interest in the cellular phone is CONDEMNED and FORFEITED to the United States for disposition according to law. Clear title to the cellular phone is now vested in the United States of America." (Doc. 114 at 2). Defendant did not appeal this final order.

More than four months later, Defendant filed a motion, pursuant to FED. R. CRIM. P. 41(g), for the return of the iPhone, or alternatively, that his personal photographs and data contained in the iPhone that are not related to the crime he was convicted of be returned to him (Doc. 115). The government filed a response in opposition to the motion and the matter was referred to me (Doc. 121). I denied the motion because: (1) it was not signed by Defendant's lawyer; (2) by virtue of the appeal, jurisdiction resided in the Eleventh Circuit; and (3) this Court had already adjudicated Defendant's interest in the iPhone so his remedy was to appeal to the Eleventh Circuit (Doc. 122).

Defendant sought reconsideration and that motion was also referred to me (Doc. 123). On reconsideration, I acknowledged that I had erred because when Defendant filed his Rule 41(g) motion, he was representing himself (Doc. 126). But I found that this was of no consequence because Defendant had not shown that I had misapprehended his position or the material facts when I entered my Order (Id., at 1). Defendant had also not shown any intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or manifest injustice (Id.). I noted that because this Court had entered a final order of forfeiture, Defendant could not obtain relief pursuant to Rule 41(g) (Id. at 2) (quoting United States v. Guerra, 426 F. App'x. 694, 697-98 (11th Cir. 2011) ("Rule 41(g) cannot be used to recover property that has been forfeited to the government in a civil forfeiture proceeding."). And, I informed Defendant that his remedy was to appeal the forfeiture judgment, which he had failed to do (Id.). Defendant appealed my

Order (Doc. 127), and the Eleventh Circuit dismissed the appeal for lack of jurisdiction (Doc. 130 at 2-3).

Now, Defendant is requesting an evidentiary hearing on the merits of his objections to my Order denying his initial request for the return of the contents of the iPhone that are not evidence of the commission of a crime (Doc. 131). Defendant argues that the forfeiture Order applies only to the actual phone; and not its contents (Id., at 1).

Until the Court holds a hearing on his motion, Defendant is asking that the Court, and not law enforcement, secure the iPhone (Id., at 2). As grounds, he references law enforcements' "checkered reputation," and the case investigators recent "odd and potentially dangerous (to the truth-finding function of this court) behavior." (Id.). Defendant alleges that FBI "agents went out of their way to return the iPhone to Mr. Cabezas at the prison." (Id.). He says FBI agents came to the prison and asked him to sign some forms before they would return the iPhone to him (Id.). However, the prison would not allow Defendant to take and review the forms before signing them (Id.). Feeling suspicious and cautious, Defendant did not sign the forms (Id.). He alleges that the next day, prison recreation guards tracked him down and asked if he still wanted the phone back (Id., at 3). Defendant responded that the FBI agents should talk to his lawyer[1] (Id.).

Now Defendant wonders why the government opposed his Rule 41(g) motion (Id.). He asserts that "the iPhone and its contents are evidence in a continuing criminal case" and "the government has a duty to preserve that evidence." (Id.) (footnote omitted). Defendant also discusses the cloning of the phone, possible mishandling of the evidence by law enforcement, and Defendant's belief "that the government agents were attempting

---

[1] I am unaware of who that is.

- 3 -

to sever the chain of custody, thereby generating a plausible claim in some future proceeding that Mr. Cabezas tampered with the evidence." (Id.).

Next, in contradiction of his guilty plea, Defendant states under penalties of perjury that to the best of his knowledge:

> The government agents know the truth, there is not now nor was there any child pornography on the iPhone. It was a lie, and a lie to this court. The only real question is who was in on the lie, and why did this court's officers (the AUSA and defense attorneys) either permit it, or worse, propagate it?

(Id., at 4). As a remedy, Defendant is asking the Court to order that he be supplied with a copy of the contents of the iPhone and that the phone itself be given to his expert for examination to see if the FBI or the United States Attorney's Office tampered with evidence (Id.). Alternatively, Defendant is asking the Court to review the iPhone to see if it contains child pornography (Id.).

Defendant follows these claims and requests with the following statement, again made under penalties of perjury:

> Mr. Cabezas lied to this court when he pleaded guilty to possessing, receiving, and viewing this child pornography on his i-Phone (or at all). The government agents lied to Todd Foster, James Wesley Smith, AUSA Rivera, the probation officer, et al. when the agents claimed to have the child pornography video and the i-Phone upon which the video was reviewed.

(Id.) (footnote omitted). Defendant fails to explain why he lied.

### Objections to Magistrate Judge's Order

When a magistrate judge rules on a non-dispositive matter he must, when appropriate, issue a written order stating his decision. FED. R. CIV. P. 72(a). "A party may serve and file objections to the order within 14 days after being served with a copy." Id. The district judge will only reverse an order of the magistrate judge where it is shown that the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also

- 4 -

FED. R. CIV. P. 72(a). "A finding of fact is clearly erroneous only if the reviewing court is left with a definite and firm conviction that a mistake has been made." Endurance American Specialty Ins. Co. v. Liberty Mutual Ins. Co., No. 8:17-cv-2832-T-33CPT, 2019 WL 1773288, at *4 (M.D. Fla. April 23, 2019). "A finding is contrary to law if it fails to apply of misapplies relevant statutes, case law, or rule of procedure." Id.

### FED. R. CRIM. P. 41

Rule 41 establishes the procedure the Government must follow before, during, and after the search and seizure of a person or property. The rule allows an individual "aggrieved by an unlawful search and seizure of property or by the deprivation of property [to] move for the property's return." FED. R. CRIM. P. 41(g). If the Court grants the motion it "must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings."

The Court "must receive evidence on any factual issue necessary to decide the motion." Id. "The movant is presumed to have a right to an item's return, so the Government must demonstrate it has a legitimate reason to retain the property." United States v. Cobb, 703 F. App'x 879, 883 (11th Cir. 2017) (citing United States v. Potes Ramirez, 260 F.3d 1310, 1314 (11th Cir. 2001)). The government can overcome the presumption by showing that the plaintiff has unclean hands with respect to the property. United States v. Bryant, 685 F. App'x. 855, 857 (11th Cir. 2017) ("The district court did not err in denying Bryant's motion for return of property … the district court was correct to decline equitable jurisdiction based on its finding that Bryant had 'unclean hands' with respect to the property"); United States v. Biggins, Case No. CR 613-012, 2015 WL 12868224, at *1 n. 1 (S.D. Ga. 2015) ("[e]ven assuming arguendo that the ... seizure was unlawful ... [Biggins] nonetheless is barred from Rule 41(g) relief by his undisputed

unclean hands."); see also United States v. Cobb, Case No. 8:14-cr-123-T-36MAP, 2017 WL 5989447, at *2 (M.D. Fla. April 18, 2017) ("courts can deny Rule 41(g) motions if "the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues.") (quoting United States v. Garcon, 406 F. App'x 366, 369 (11th Cir. 2010)).

Whether the Court conducts its review by way of an evidentiary hearing is within its discretion and the decision is reviewable only for abuse of discretion. Cobb, 703 F. App'x at 882. An evidentiary hearing is not necessary where there is no factual dispute as to the defendant's unclean hands with regards to the property. See Biggins, 2015 WL 12868224, at *1 n. 5; Cobb, 2017 WL 5989447, at *2 n.3

### Discussion

Defendant's objections to my September 17, 2018 Order denying his motion for the return of the iPhone or its contents should be overruled because that decision was not "clearly erroneous or contrary to law." If Defendant disagreed with the Court's final order of forfeiture, he should have appealed that decision to the Eleventh Circuit. His failure to do so bars his current claim.

In the Preliminary Order of Forfeiture, the Court found that the government had "established the requisite nexus between [Defendant's] cellphone and [his] offense of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), as charged in Count One of the Superseding Information." (Doc. 96 at 1). The Court made this determination after Defendant, in his plea agreement, had already consented to forfeiture of the iPhone, which he acknowledged "was used during the commission of the offense." (Doc. 67 at 5). Defendant's admission suffices to establish his unclean hands which bars any recovery by him pursuant to Rule 41(g).

Defendant's assertion that the final judgment of forfeiture did not include the contents of the iPhone is frivolous. The Court entered a final judgment of forfeiture which vested clear title to the iPhone in the United States. Once the judgment was entered, Defendant could not obtain relief under 41(g). Guerra, 426 F. App'x. at 697-98. His remedy, which he failed to take advantage of, was to appeal the Court's final judgment of forfeiture to the Eleventh Circuit.

Defendant now claims that "the iPhone and its contents are evidence in a continuing criminal case" and "the government has a duty to preserve that evidence." (Doc. 131 at 3). If true, then the phone should not be returned to Defendant.

In sum, Defendant has failed to satisfy his burden with respect to his objections, and he has otherwise failed to show why he is entitled to the return of the iPhone or its contents, let alone an evidentiary hearing on this matter.

## Recommendation

For these reasons I **RESPECTFULLY RECOMMEND** that the district court **DENY** Defendant's motion.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on April 26, 2019.

THOMAS B. SMITH
United States Magistrate Judge

- 7 -

- 8 -

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Andres Fernando Cabezas